IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CRIMINAL ACTION  08-00092-KD |
| ) | |
| DEREK ONEAL WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on defendant's motion to fix trial in the Northern Division with jury selected from a panel of Northern Division residents (Doc. 15) and the government's response in opposition (Doc. 25).  A hearing was held before the undersigned on May 27, 2008.  The defendant, the defendant's counsel, and counsel for the United States were present.

In the motion to fix trial (Doc. 15), defendant moves the court to fix trial in the Northern Division because under the Fifth and Sixth Amendments the defendant is entitled to an impartial jury selected from a fair cross-section of the community in which he resides and where the offenses are alleged to have occurred.  The Court also addressed the defendant's request pursuant to Federal Rule of Criminal Procedure 18 and U.S. v. Burns, 662 F.2d 1370 to have the trial held in Selma.  U.S. v. Burns provides that the Court must consider the following factors in determining where to set trial:  (1) the convenience of the defendant; (2) the convenience of witnesses; and (3) the prompt administration of justice.  662 F.2d at 1382.  As to the convenience of defendant and his witnesses, Selma is only 20-25 miles from defendant's home and the home of four of his witnesses.  No doubt, Selma is the more convenient forum for the defendant.

However, as to the prompt administration of justice, the conditions of the Selma

Courthouse's jail facility present a problem. United States Marshal Bill Taylor testified as to the conditions of the United States courthouse jail facility in Selma, Alabama. Mr. Taylor cited concerns of inadequate security and inadequate facilities at the Selma courthouse. Specifically the proximity of the courthouse's only two holding cells, which are side by side, for purposes of holding defendant and prosecution witnesses would present a safety concern for the defendant and the witnesses. Moreover, Marshal Taylor stated that the current lack of an adequate number of deputy marshals and court security officers to staff the trial make it "impossible" to hold trial in Selma with an in-custody defendant. Mr. Taylor also testified that the Selma courthouse jail facility contains possible health and safety hazards in the form of exposed pipes, asbestos, and lead paint. These problems have been reported to GSA for repair; however no commitment or time-line has been provided by GSA to address these problems.

The Court finds that the health and safety hazards in the Selma courthouse jail facility warrant denying defendant's motion to fix trial in the Northern Division because the facility will not be repaired in time to provide a trial within the near future. However, the Court does not find that inadequate funds to provide security is a sufficient reason to deny a criminal trial setting in Selma.

As to defendant's claim that he is entitled to a jury from the Northern Division, the Sixth Amendment only entitles a federal criminal defendant to a jury drawn from a fair cross-section of a previously defined geographical area within the judicial district in which the offense occurred, rather than from a fair cross-section of the community immediately surrounding the place of the crime. United States v. Grisham, 63 F.3d 1074, 1080-81 (11th. Cir. 1995). Judicial district-based jury selection complies with the Sixth Amendment. Id. Therefore, defendant's request for a jury

selected from a panel of Northern Division residents is **DENIED**.  However, in the interest of fairness concerning the denial of defendant's motion to fix trial in the Northern Division, defendant is **GRANTED** a jury drawn from the district at large, i.e. both the Northern and Southern Divisions of the Southern District of Alabama.  Accordingly, jury selection in this matter is set for **Monday, August 4, 2008 at 8:45 a.m.** with trial to begin immediately thereafter before the undersigned District Judge in Courtroom 5-A, of the United States District Court, 113 St. Joseph St., Mobile, Alabama, 36602.[1]

**DONE** and **ORDERED** this the 27th day of May, 2008.

        **s / Kristi K. DuBose**
        **KRISTI K. DuBOSE**
        **UNITED STATES DISTRICT JUDGE**

---

[1] This date is a special setting and cannot be changed due to the notice that will be sent to the potential jurors.