**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| VS. | : CRIMINAL NO . 08-00092-KD |
| DEREK WILLIAMS | : |

**ORDER**

This action is before the undersigned on the "Government's Response to Defendant's Motion to Compel and Motion to Reconsider" (Doc. 29)[1] and the response thereto filed by defendant, Derek Williams, on May 23, 2008 (Doc. 33). The Government's motion has been referred to the undersigned for pretrial resolution pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule

---

[1] Within the Government's motion for reconsideration of the Order entered on May 19, 2008 is the request that the motion to compel filed by the defendant be stricken. This request is considered untimely and not supported by the current record. It is therefore DENIED for several reasons. First, the motion to strike comes after briefing was closed and after entry of an order granting defendant's motion to compel. Second, while the Government is correct that Mr. Tiemann did not technically certify in the motion to compel those reasons for not personally discussing the issues raised therein with Ms. Bedwell, the undersigned chose not to impose a sanction under the Local Rule *sua sponte*. Defendant's motion did contain some loose language of attempts to informally resolve the discovery dispute. That factor, joined with the brief period between the arraignment and the pretrial conference and the unavailability of counsel, resulted in the decision that it would be prudent to await the raising of this issue, if at all, by Ms. Bedwell in her response that was due on May 14, 2008. The undersigned would note that no explanation has been given regarding why the Government's response was filed on May 20, 2008 instead of the due date.

72.2(b)(2). After careful consideration of the motion and reply to that motion, it is determined that the Government's motion for reconsideration is due to be granted in part and denied in part.

**Procedural History**

On March 27, 2008, the defendant, Derek O'Neal Williams, was charged in a five-count indictment. Count One charges a conspiracy to possess with the intent to distribute approximately one kilogram of cocaine. Counts Two through Three charged that the defendant possessed with the intent to distribute approximately 40.41 grams of crack cocaine and 20.02 grams of cocaine. Count Four is a forfeiture count and Count Five charges that the defendant possessed ammunition after being convicted of two felony offenses. (Doc. 1). An arraignment was held on April 22, 2008 and Fred Tiemann, Esquire was appointed to represent Mr. Williams (Docs. 8 & 10). Pursuant to Local Rule 16.13(b)(1), the United States was required to produce all information considered discoverable under the Federal Rules of Criminal and said Local Rule at the arraignment. A review of the Order on Arraignment (Doc. 10) does not reveal that the Government asked for more time to produce discoverable information or that more time was granted. It is quite evident,

however, that defendant was not provided with all discoverable information at arraignment. The schedule after arraignment required the parties to file their pretrial motions, including motions to compel under Local Rule 16.13(d), not later then May 5, 2008.

On May 5, 2008, defendant filed the motion to compel (Doc. 17) at issue, which was referred to the undersigned. The next day, May 6, 2008, a pretrial conference was held before the undersigned, but the Order following that conference does not reveal that either Assistant United States Attorney Gloria Bedwell or Assistant Public Defender Fred Tiemann were present. Their substitutes were unable to discuss the pending motion to compel, so a briefing schedule was established requiring a response from the Government not later than May 14, 2008 (Doc. 20, p.2, ¶2.a.). The Government did not respond to the undersigned's Order of May 8, 2008, and on May 19, 2008, the motion to compel was granted in its entirety (Doc. 26).

The Government's response to the motion to compel was filed the next day, on May 20, 2008 (Doc. 29), and contains therein a motion for reconsideration of the Order granting the motion to compel. After a review of the Government's motion for reconsideration, the defendant was ordered to

3

reply to the Government's motion. (Doc. 30). That reply was filed on May 23, 2008 (Doc. 33), completing the record with regard to defendant's motion to compel and the Government's motion for reconsideration of the Order granting defendant's motion to compel.

### Discussion

The Government's late response to the motion to compel contains five parts. First, the Government complains that the motion to compel was filed without a conference as required by Local Rule 16.13(d) and for that reason should be stricken. Second, the Government advises that it has furnished defendant copies of the photographs requested. Third, the Government's response to that portion of the order compelling statements is that "the only statements within its possession at this time, with regard to the conversations between officers, the defendant and other occupants of the car are reflected in the reports previously provided in discovery." Fourth, the Government agreed to provide a copy of any video made during the traffic stop at issue once it is received from officers in Texas. And fifth, since the defendant had not provided the predicate information necessary before the Government could accommodate his request for testing and weighing, compliance with this

4

portion of the Order has not been possible because of the defendant's inaction. The Government reasonably requires certain information before allowing the testing and re-weighing of controlled substances. The protocol requires defendants to provide advance notice to the Government of the number of the exhibit to be tested, the name of defendant's expert and his DEA License Number, and the name and location of the laboratory where the testing and weighing will take place. Without this information, the Government is unable to comply with the Order requiring that defendant be allowed to test and weigh the controlled substances seized "in a controlled environment". (Doc. 26).

In addition to authorizing testing and weighing of the controlled substances in a controlled environment, the Order granting defendant's motion to compel required the Government to produce specific information not later than May 23, 2008: "(1) photographs relevant to the offenses charged in Counts Two, Three and Four; (2) statements of the three individuals arrested that are relevant to the offense charged in Count One; (3) any evidence establishing a connection between the offense charged in Count One in this District; and (4) any audio or video tapes of the traffic stop relevant to Count One." (Doc. 26). Defendant's reply to the Government's response and motion

for reconsideration advises the Court that the Government has complied with a portion of the Court's Order, i.e., the photographs have been produced and evidence relevant to establishing a connection between the charged offense and this District has been produced. The Government has also provided a video tape of the traffic stop but it was not produced in a completely usable form, i.e., no audio. The defendant also notes that the statements of the three individuals arrested, along with the defendant, have not been produced and, further, that he intends to provide the Government with the necessary information to enable the testing and weighing of the controlled substances relative to Counts One, Two and Three.

Under the circumstances of this case as outlined above, the undersigned grants the Government's motion for reconsideration in part in an effort to clarify what remains to be accomplished pursuant to the Order of May 19, 2008 and to establish a new compliance schedule. Upon reconsideration, it is determined that the Government has complied with that portion of the Order requiring production of photographs, production of evidence arguably establishing a connection between the offense charged in Count One and this District, and the production of a video tape of the traffic stop relevant to Count

One.

With respect to those statements order produced, counsel for the United States has represented to this Court and to the defendant that "[t]he only information about statements in the possession of the Government at this time is the reference to the conversations between the officers, the defendant and the other occupants in the car, which are reflected in the reports previously provided by the Government in discovery." (Doc. 29) Thus, the Government's position is that it has no information responsive to this portion of the Order that has not been produced. While this response is considered adequate under the Court's order, the Government is obligated to produce the statements requested should its continuing search reveal that they exist and are in the possession or control of the United States. The Government will also work with defense counsel to obtain a usable audio tape of the traffic stop. It is the Court's intention that the defendant be provided with a copy of both video and audio of the traffic stop identified.

The case law provided by the defendant clearly establishes his right to independently test and re-weigh the controlled substances at issue in this case. That testing must be under controlled circumstances, however, as was intended

in the Order compelling the Government to comply with this request. The Government, in its response, does not contest the defendant's right for an independent analysis, including weighing, so long as it is provided with certain necessary information in advance of the testing and weighing. That information has not been produced to date but defendant intends to provide that information at some unspecified date that would enable the parties to establish a date, time and place for the analysis and weighing.

Accordingly, defendant is to be given the opportunity to conduct an independent analysis of a sample of the controlled substance relevant to Counts One, Two and Three of the Indictment and to independently re-weigh that evidence to be introduced in this case or that was seized from the defendant. Defendant's opportunity to analyze these controlled substances will only occur once he as provided the Government with the name of his proposed expert, the DEA License Number of that expert and the date, name and location of the laboratory where the analysis and weighing will occur.

IT IS, THEREFORE, ORDERED that the Government's motion for reconsideration is GRANTED IN PART AND DENIED IN PART. The portion of the motion requesting that Defendant's motion to compel be stricken

is DENIED but the implicit request that the period for compliance with the order compelling discovery be extended is GRANTED.

IT IS FURTHER ORDERED that the crack cocaine and cocaine at issue in this prosecution be tested and re-weighed in the presence of Defendant's independent expert once the defendant has provided the Government with the necessary information that it needs to agree on a production schedule.

IT IS FURTHER ORDERED that such testing and re-weighing shall take place in a prompt fashion so that there will be no delay in Defendant's trial, same being currently scheduled for the August, 2008 criminal term.

IT IS FURTHER ORDERED that the statements of the three individuals arrested in relation to the offense charged in Count One, if they exist, be produced within a reasonable time prior to trial.

IT IS FURTHER ORDERED that defendant be provided a usable copy of any audio tape of the traffic stop relevant to Count One within a reasonable

time prior to trial.

DONE and ORDERED this 30th day of May, 2008.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE